**RECORD NO. 20-4564**

In The

# United States Court of Appeals

For The Fourth Circuit

**UNITED STATES OF AMERICA,**

***Plaintiff – Appellee,***

**v.**

**TIMOTHY SCOTT OLSON,**

***Defendant – Appellant.***

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE**

## BRIEF OF APPELLANT

**S. Frederick Winiker, III**
**WINIKER LAW FIRM, PLLC**
**435 East Morehead Street**
**Charlotte, North Carolina 28202-2609**
**(704) 333-8440**

***Counsel for Appellant***

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

NATURE OF THE APPEAL ........ 1

STATEMENT OF JURISDICTION ........ 1

STATEMENT OF THE ISSUE ........ 1

STATEMENT OF THE CASE ........ 1

SUMMARY OF ARGUMENT ........ 3

ARGUMENT ........ 3

THE DISTRICT COURT' S SENTENCE IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE ........ 3

A. Standard of Review ........ 3

B. Discussion ........ 3

CONCLUSION ........ 6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
386 U.S. 738 (1967) .......... 1

*McCoy v. Wisconsin*,
486 U.S. 429 (1988) .......... 1

*Penson v. Ohio*,
488 U.S. 75 (1988) .......... 1

*United States v. Faris*,
388 F.3d 452 (4th Cir. 2004) .......... 4

*United States v. Fountain*,
777 F.2d 351 (7th Cir. 1985) .......... 5

*United States v. Lambey*,
974 F.2d 1389 (4th Cir. 1992) .......... 4

*United States v. Moore*,
931 F.2d 245 (4th Cir. 1991) .......... 4, 5

*United States v. Russell*,
686 F.2d 35 (D.C. Cir. 1982) .......... 5

*United States v. Ubakanma*,
215 F.3d 421 (4th Cir. 2000) .......... 3, 4

## STATUTES

18 U.S.C. § 2 .......... 2

18 U.S.C. § 2252A(a)(1) .......... 1

18 U.S.C. § 2252A(a)(5)(B) .......... 2

18 U.S.C. § 3231 .................................................................................... 1

18 U.S.C. § 3742 .................................................................................... 1

28 U.S.C. § 1291 .................................................................................... 1

**RULE**

Fed. R. Crim. P. 11(d)(2)(B) ............................................................. 4

**NATURE OF THE APPEAL**

Appellant Timothy Scott Olson is submitting this Brief to the Court pursuant to the decision rendered in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for Appellant has determined, after a careful examination of the record in Appellant's case, that Appellant has no meritorious grounds for appeal. Counsel has set forth below the only issue which he believes presents any arguable basis for relief. It is expected that Mr. Olson will also submit additional briefing, separately.

**STATEMENT OF JURISDICTION**

Jurisdiction is vested in the United States District Court for the Western District of North Carolina pursuant to 18 U.S.C. § 3231. Jurisdiction of the Court of Appeals is founded upon 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUE**

Whether the district court erred by not holding a hearing and otherwise allowing Appellant to withdraw his guilty plea.

**STATEMENT OF THE CASE**

On July 17, 2018, an Indictment was returned against the Appellant in the Western District of North Carolina alleging Transportation and Shipping of Child

Pornography (Count 1), in violation of 18 U.S.C. §§ 2252A(a)(1) and 2, and Possession of Material Containing Child Pornography that Involved a Prepubescent Minor or a Minor Who Had Not Attained 12 Years of Age (Count 2), in violation of 18 U.S.C. § 2252A(a)(5)(B). (DE[1] 1) The allegations stemmed from a period of time between March and August 2015 when the Appellant resided in Union County.

Ultimately, the matter was scheduled for trial on April 1, 2019. On March 29, 2019, the Appellant pled guilty to Counts 1 and 2 without a written Plea Agreement. (DE 21, Acceptance of Guilty Plea, Hon. David S. Cayer) The Appellant was detained thereafter and the matter was referred for presentence investigation. The Appellant objected to the conclusions drawn in the PSR based on the Government's Relevant Conduct Statement. (DE 29, Appellant's Objections to Presentence Report, June 17, 2019).

On December 17, 2019, the Court scheduled the case for sentencing. The Appellant filed a pro se motion to withdraw his guilty plea on January 7, 2020. (DE 33). Former counsel filed a motion to withdraw that day as well. In his motion the Appellant not only asserted his innocence but confirmed there had been a complete breakdown in communication with former counsel.

[1] As an *Anders* brief does not require a Joint Appendix, references are made to the Docket Entries (DE) before the District Court.

On January 8, 2020, the Court appointed the undersigned as counsel for the Appellant. A second motion to withdraw guilty plea was filed on May 13, 2020. (DE 44). On July 6, 2020, the district court denied the motion without having conducted an evidentiary hearing. (DE 46).

At sentencing, the district court imposed a sentence of one hundred twenty (120) months imprisonment with thirty (30) years supervised release. (DE 51).

## SUMMARY OF ARGUMENT

The Appellant requests the Court vacate his judgment and sentence so the district court can conduct an evidentiary hearing as to whether his guilty plea should be withdrawn.

## ARGUMENT

**THE DISTRICT COURT' S SENTENCE IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE.**

### A. STANDARD OF REVIEW

A district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).

### B. DISCUSSION

Prior to sentencing, a defendant may withdraw a previously entered plea of guilty if there is "a fair and just reason for requesting the withdrawal."

Fed. R. Crim. P. 11(d)(2)(B); *Ubakanma* at 424. The defendant has the burden to show that such a fair and just reason exists. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

The factors the Court should consider on whether to permit withdrawal of a guilty plea are:

1. Whether the defendant has offered credible evidence that his plea was not knowing and voluntary;

2. Whether the defendant has credibly asserted his legal innocence;

3. Whether there has been a delay between the entering of the plea and the filing of the motion;

4. Whether the defendant has had the close assistance of competent counsel;

5. Whether withdrawal will cause prejudice to the government; and

6. Whether withdrawal of the plea would inconvenience the court and waste judicial resources.

*See Moore*, 931 F.2d at 248.

This Court has consistently noted that "[i]f an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc ); *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004). However,

these factors are not exhaustive and the ultimate determination of whether a "fair and just reason" exists to warrant withdrawal of the plea is entrusted to the discretion of the district court. *Moore*, 931 F.2d at 248.

In this case, the Court noted that the motion to withdraw guilty plea was not timely brought before the Court and that a properly conducted Rule 11 hearing occurred with competent counsel. (DE 46) Moreover, the Court rejected the Appellant's proffer as to being legally innocent. *Id.*

In his motion, the Appellant asserted that during a so-called 'confession' during an interrogation by a federal agent, many of his statements were misconstrued. (DE 44). While the district court considered a submission of the audio of such interrogation, it did not hold a hearing to determine whether any proffer by the Appellant would have caused it to come to a different conclusion.

Nevertheless, it is well settled that "evidentiary hearings should be liberally granted prior to sentencing." *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir. 1985); see also, e.g., *United States v. Russell*, 686 F.2d 35, 38 (D.C. Cir. 1982). An evidentiary hearing can be be granted "when a 'fair and just reason' for withdrawal of the plea is presented." *Fountain*, 777 F.2d at 358, *quoting Thompson*, 680 F.2d at 1152.

Had the district court conducted an evidentiary hearing, the Appellant's testimony would have provided the district court the explanation as to whether he

committed the acts alleged and why his statements to interrogators were misconstrued. Moreover, he would have provided more insight into how he 'coerced' by counsel during the Rule 11 colloquy.

## CONCLUSION

The Appellant respectfully request the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the judgment entered in this matter and remanding the case to the district court for future disposition.

Respectfully Submitted,

/s/ S. Frederick Winiker, III, Esq
S. Frederick Winiker, III, Esq.
WINIKER LAW FIRM, PLLC
435 East Morehead Street
Charlotte, NC 28202-2609
Office: (704) 333-8440
Fax: (704) 831-5274

# CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief contains [*1,155*] words.

   [ ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: May 3, 2021

/s/ S. Frederick Winiker, III
*Counsel for Appellant*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 3rd day of May, 2021, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel of record as registered CM/ECF users.

I further certify that on this 3rd day of May, 2021, I caused a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant, at the address below:

Timothy Olson, Reg Number 34393-058
FCI Coleman Low
Post Office Box 1031
Coleman, FL 33521

*Appellant*

/s/ S. Frederick Winiker, III
*Counsel for Appellant*